UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

KEVIN FRAZIER,

    Plaintiff,

vs.                                      CASE NO.:

DUNWOODY DOUGH, LLC,
a Domestic Limited Liability Company,
and DELK DOUGH, LLC,
a Domestic Limited Liability Company,

    Defendant.
_____/

## COMPLAINT & DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, KEVIN FRAZIER ("Plaintiff"), by and through his undersigned counsel, and hereby files this Complaint against the Defendants, DUNWOODY DOUGH, LLC ("DUNWOODY"), a Domestic Liability Company, and DELK DOUGH, LLC ("DELK") a Domestic Liability Company (collectively hereinafter as "Defendants"), for unpaid overtime compensation and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and alleges as follows:

### INTRODUCTION

1.    This is an action by the Plaintiff against his previous employer for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"). Plaintiff seeks

damages, reasonable attorney's fees, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA").

## JURISDICTION

2. This action arises under the Fair Labor Standards Act, 29 U.S.C. §210, *et. seq*. Jurisdiction is proper in this court pursuant 29 U.S.C. § 216.

## VENUE

3. The venue of this Court over this controversy is proper based upon the claim arising in Cobb and Fulton County, Georgia.

## PARTIES

4. Plaintiff worked as an "Assistant Manager" for Defendants in Cobb and Fulton County, Georgia.

5. Plaintiff was an employee of the Defendants within the last three (3) years, from approximately August 2020 through February 2021.

6. Defendant, DUNWOODY, is a Domestic Liability Company doing business as a restaurant, also known as Marco's Pizza, located at 4511 Chamblee Dunwoody, Road, Atlanta, in Fulton County, Georgia.

7. Defendant, DELK, is a Domestic Liability Company doing business as a restaurant, also known as Marco's Pizza, located at 2555 Delk Rd. SE, Ste. A7, Cobb County, Georgia.

8. Defendants jointly own, operate, control, and manage restaurants also known as Marco's Pizza in Cobb and Fulton County, Georgia.

9. Plaintiff was assigned by Defendants to work at the two Marco's Pizza restaurant locations owned by the Defendants in Cobb and Fulton County, Georgia.

10. Defendants DUNWOODY and DELK have joined and combined to form and constitute a joint employer and/or single enterprise by:

(a) performing related activities;

(b) exercising unified operation or common control over Plaintiff;

(c) operating for a common business purpose with respect to both restaurants;

(d) operating and/or managing both restaurants from the same primary location on 790 North Avenue NE, #106, Atlanta, GA 30306;

(e) the degree of control DUNWOODY and DELK, and its directors, manager and employees, demonstrate over each other's employees;

(e) the degree of supervision DUNWOODY and DELK have over the work of each other's employees;

(f) Defendants DUNWOODY and DELK jointly determine the pay rates or the methods of payment of employees at both Marco's Pizza restaurant locations;

(g) Defendants DUNWOODY and DELK, jointly and severally, have the

right to hire, fire, or modify the employment conditions of each other's employees, including Plaintiff;

(h) Defendants acted directly or indirectly in the interest of each other with respect to the Plaintiff;

(i) Defendants DUNWOODY and DELK are associated with respect to the employment of Plaintiff,

(j) Defendants DUNWOODY and DELK share control of Plaintiff's employment and separation of employment, directly or indirectly.

11. Defendants DUNWOODY and DELK's officers, directors and/or managers were ultimately in a position of authority over the business decisions that led to the FFCRA, EPSLA, and FLSA violations.

12. At all relevant times, Defendants DUNWOODY and DELK jointly employed the Plaintiff.

## FLSA ENTERPRISE COVERAGE

13. At all material times (2019-2021), Defendant DUNWOODY was an enterprise subject to the FLSA's provision on minimum wage and overtime wages.

14. At all material times (2019-2021), Defendant DELK was an enterprise subject to the FLSA's provision on minimum wage and overtime wages

15. At all times material hereto, Defendant DUNWOODY was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

16. At all times material hereto, Defendant DELK was and is an enterprise covered by the FLSA pursuant to 29 U.S.C. § 203(s)(1)(A).

17. At all material times (2019-2021), Defendant DUNWOODY was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (i.e. food, restaurant equipment, telephones, computers, pens, and paper).

18. At all material times (2019-2021), Defendant DELK was an enterprise engaged in commerce or in the production of goods for commerce, in that said enterprise had at least two employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person (i.e. food, restaurant equipment, telephones, computers, pens, and paper).

19. Employees for both Defendants ran credit card transactions which engaged in interstate commerce, handling or otherwise working with materials that have been moved in or produced for interstate commerce (i.e. telephones, computers, pens, and paper).

20. At all times material hereto, Plaintiff was an "employee" of both Defendants within the meaning of FLSA.

21. At all times material hereto, Defendant DUNWOODY was and continues to be an "employer" within the meaning of the FLSA.

22. At all times material hereto, Defendant DELK was and continues to be an "employer" within the meaning of the FLSA

23. Based upon information and belief, the annual gross revenue of Defendant DUNWOODY was in excess of $500,000.00 per annum during the relevant time period.

24. Based upon information and belief, the annual gross revenue of Defendant DELK was in excess of $500,000.00 per annum during the relevant time period.

## FACTUAL ALLEGATIONS

25. Plaintiff was employed with Defendants from approximately August 2020 through February 2021.

26. Plaintiff worked as an "Assistant Manager."

27. Plaintiff's job duties included, but were not limited to, opening and closing the restaurant locations, stocking and organizing the restaurants with merchandise, preparing food and serving customers.

28. Plaintiff was paid at a rate of $11.75 per hour throughout his employment.

29. Plaintiff was a full-time employee.

30. Plaintiff did not have any authority to hire employees.

31. Plaintiff did not have any authority to fire employees.

32. Plaintiff did not exercise independent discretion and independent judgment with respect to matters of significance.

33. Plaintiff should have been classified as a non-exempt employee by Defendant.

34. Plaintiff was assigned work by supervisors.

35. Plaintiff was assigned a set schedule by supervisors.

36. During Plaintiff's employment, Plaintiff worked in excess of forty (40) hours per work week during one or more work weeks.

37. Plaintiff worked for DUNWOODY and DELK within the same week.

38. Plaintiff's combined hours while working for DUNWOODY and DELK exceeded more than forty (40) hours per week.

39. Defendants DUNWOODY and DELK paid Plaintiff with separate checks.

40. Defendants paid Plaintiff with separate checks to avoid payment of overtime pay at time and a half Plaintiff's regular rate of pay.

41. Essentially, Defendants operated two stores as one common enterprise.

42. Defendants shared common employees.

43. Defendants shared common owners.

44. Defendants shared common payroll services.

45. Defendants placed orders for food and other supplies together.

46. Defendants shared common managers.

47. Defendants shared common policies.

48. Defendants shared common store names.

49. Defendants shared the same Registered Agent address.

50. When Plaintiff worked overtime hours, he worked an average of thirty (30) hours over 40 hours per week.

51. Defendant knew or should have known of Plaintiff's schedule and hours worked each week.

52. Plaintiff was eligible to be paid overtime pay at time and one half his regular rate.

53. Plaintiff was not compensated at time-and-one-half for all hours worked in excess of forty (40) hours in a workweek.

54. Due to this pay policy or practice by the Defendants, Plaintiff was never paid overtime compensation for any of the overtime hours worked.

55. Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of the Defendants.

56. Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA were willful.

57. During his employment, Plaintiff complained to Defendants regarding how he was paid.

58. Defendants did not investigate Plaintiff's claims.

59. Because Defendants refused to correct the way Plaintiff was paid, he was left with no choice but to resign on or about February 5, 2021.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION
## (DUNWOODY DOUGH, LLC)

60. Plaintiff re-alleges and incorporates paragraphs 1-59 as if fully set forth herein.

61. Plaintiff regularly worked in excess of forty (40) hours per week.

62. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

63. Plaintiff was and is entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

64. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

65. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for overtime for all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

66. Defendant failed to properly disclose or apprise Plaintiff's rights under the FLSA.

67. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

68. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

69. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

70. Based upon information and belief, Plaintiff is/was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because

Defendant failed to properly pay Plaintiff proper overtime wages.

71. Plaintiff demands a trial by jury.

72. Defendant violated Title 29 U.S.C. §207 for the relevant period of time in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

    c. Defendant failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant DUNWOODY DOUGH, LLC: awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per work week while employed; an equal amount in liquidated damages; awarding Plaintiff pre-judgment and/or post-judgment interest; an award of costs and expenses of this action together with reasonable attorneys' and expert fees, and any other further relief the Court deems just and proper.

## COUNT II - RECOVERY OF OVERTIME COMPENSATION
## (DELK DOUGH, LLC)

73. Plaintiff re-alleges and incorporates paragraphs 1-59 as if fully set forth herein.

74. Plaintiff regularly worked in excess of forty (40) hours per week.

75. Plaintiff was not properly compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

76. Plaintiff was and is entitled to be paid at the statutory rate of overtime calculation for those hours worked in excess of forty (40) hours.

77. At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

78. Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff for overtime for all hours worked in excess of forty (40) hours per weeks when they knew, or should have known, such was, and is due.

79. Defendant failed to properly disclose or apprise Plaintiff's rights under the FLSA.

80. Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

81. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

82. At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§516.2 and 516.4, with respect to the Plaintiff by virtue of the management policy, plan, or decision that intentionally provided for the compensation of less than time-and-one-half for overtime hours worked.

83. Based upon information and belief, Plaintiff is/was not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff proper overtime wages.

84. Plaintiff demands a trial by jury.

85. Defendant violated Title 29 U.S.C. §207 for the relevant period of time in that:

    a. Plaintiff worked in excess of forty (40) hours per week for the period of employment with Defendant;

    b. No payments, and provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA; and

  c. Defendant failed to maintain proper time records as mandated by the FLSA.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant DELK DOUGH, LLC: awarding Plaintiff overtime compensation in the amount due for Plaintiff's time worked in excess of forty (40) hours per work week while employed; an equal amount in liquidated damages; awarding Plaintiff pre-judgment and/or post-judgment interest; an award of costs and expenses of this action together with reasonable attorneys' and expert fees, and any other further relief the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial on all issues so triable against Defendant.

Respectfully submitted this 25th day of May, 2021.

            */s/ Carlos V. Leach*
            Carlos V. Leach, Esq.
            Florida Bar No.: 0540021
            The Leach Firm, P.A.
            631 S. Orlando Avenue, Suite 300
            Winter Park, FL 32789
            Telephone: (407) 574-4999
            Facsimile: (833) 423-5864
            Email: cleach@theleachfirm.com
            Email: npacheco@theleachfirm.com

            ***Attorneys for Plaintiff***